FILED
United States Court of Appeals
Tenth Circuit

February 11, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD C. CALHOUN,

      Petitioner - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner Social Security
Administration,

      Respondent - Appellee.

No. 15-1285
(D.C. No. 1:13-CV-02837-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

      Ronald C. Calhoun appeals from the denial of his motion to extend the time to

file a notice of appeal in his Social Security case.  Exercising jurisdiction under

28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm in part and dismiss in part.

      Mr. Calhoun worked as a civil engineer and mechanical engineer.  In 1995, he

was awarded Social Security disability benefits because of kidney disease.  After he

received a kidney transplant, his condition improved, and his benefits were

---

      * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

terminated (effective September 2003) in a 2005 decision. He did not appeal at the time, but since then he has tried to challenge that termination by filing new applications for benefits and raising the issue in those proceedings. He does not contend that he is unable to work; to the contrary, he concedes that he is physically able to work. The real issue, he asserts, is that his benefits were improperly terminated in 2005.

This appeal arises from an April 2, 2013, administrative law judge decision denying a 2011 application for benefits. That decision became the Commissioner's final decision when the Appeals Council denied review. Mr. Calhoun appealed to the district court, where he consented to have a magistrate judge preside over the case. He again challenged the 2005 termination of benefits. On March 24, 2015, the magistrate judge held that he could not consider the termination because the only administrative decision properly before the district court was the 2013 denial of benefits. The magistrate judge affirmed the 2013 decision.

On May 26, 2015, Mr. Calhoun inquired as to the status of the case. The next day, on May 27, the court informed him the case had been decided and enclosed a copy of the March 24 decision. Mr. Calhoun received this mailing by the end of May. On June 29, he moved for an extension of time to appeal from the March 24 decision. Identifying Fed. R. App. P. 4(a)(5) and 4(a)(6) as the only sources of authority to grant an extension, the magistrate judge determined that Mr. Calhoun could satisfy neither rule and denied relief. Mr. Calhoun then appealed to this court.

2

Although Mr. Calhoun proceeds pro se, he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The only timely notice of appeal relates to the July 6, 2015, order denying the extension, and so that is the only order before this court for review. We have no jurisdiction to review the district court's March 24 merits decision.

Mr. Calhoun argues he was denied due process because he was not notified of the March 24 decision in a timely manner. He complains that there is no proof that the court mailed the decision to the correct address. But even assuming Mr. Calhoun did not receive a copy of the March 24 decision until the court responded on May 27, Mr. Calhoun was afforded due process.

Fed. R. Civ. P. 77(d)(2) provides that "[l]ack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Fed. R. App. P. 4(a)(5) allows the district court to grant an extension if a party moves for one within 30 days of the expiration of the original appeal period. And Fed. R. App. P. 4(a)(6) preserves a party's right to appeal if the party did not receive a court judgment—so long as the party acts within 180 days of the decision or 14 days of receiving actual notice of the decision, whichever is earlier. Mr. Calhoun acknowledges receiving a copy of the March 24 decision by the

3

end of May.  If he had promptly filed his motion for an extension, he would have been eligible for relief under either Rule 4(a)(5) or 4(a)(6).  But he did not file his motion until June 29, more than 30 days after his original appeal period expired and more than 14 days after he received the March 24 decision.  Because of this delay, by the time he filed his motion for extension, the magistrate judge had no power to grant it.  Mr. Calhoun's inability to appeal the March 24 decision thus was caused by his own delay, not a failure of process.

Mr. Calhoun also seeks to attack the March 24 merits decision, asserting that he was denied due process because the magistrate judge misconstrued his case, complaining that the magistrate judge ruled differently than the district judge previously assigned to the case, and raising issues related to the 2005 termination of benefits.  But as stated, the only decision properly before this court is the denial of the extension of time to appeal.  Because we lack jurisdiction to review the March 24 merits decision, we do not address these arguments.

The district court's July 6, 2015, order denying an extension of time to appeal is affirmed.  The arguments as to the March 24, 2015, decision are dismissed for lack of jurisdiction.

Entered for the Court


Monroe G. McKay
Circuit Judge


4